UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MORAIMA DEJESUS, JUAN ORTIZ, and
RICARDO DIAZ,

                Plaintiff,

    -against-

THE CITY OF NEW YORK,
POLICE OFFICER PAUL BRAUER (TAX 938111),
POLICE OFFICER MICHAEL SMITH (TAX 942823),
SERGEANT PAUL PRENDERGAST (TAX 916467),
And JOHN DOES 1-3,

                Defendant.

-------------------------------------------------------------------X

**AFFIDAVIT OF
PERSONAL SERVICE**

**12 CV 9416 (RA)**

**STATE OF NEW YORK**

**COUNTY OF NEW YORK** ss.:

    **Joao C. Pinto**, being duly sworn, deposes and says:

    I am over 18 years of age, I am not a party to the action, and I reside in Essex County in the State of New Jersey.

    I served a true copy of the annexed

           **SUMMONS AND AMENDED COMPLAINT**

on May 9th, 2013

by delivering the same personally to **Ruby J. Krajick**, a service window clerk for the **United States District Court, Southern District of New York** at **500 Pearl St, New York, NY 10007**, accepting service on behalf of the entity and persons indicated below:

- The City of New York, c/o The New York City Police Department,
- Police Officer Michael Smith (TAX 942823),
- Sergeant Paul Prendergast (TAX 942823),
- Police Officer Paul Brauer (TAX 938111).

                                     JOAO C. PINTO

Sworn to before me May 9th, 2013

_____
          Notary Public

**VIOLETTA LAPIN**
Notary Public- State of New York
Commision No. 01LA6148994
Qualified in New York County
My Commision Expires July 3, 20_14_

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York ▾

| | |
|---|---|
| Moraima DeJesus, Juan Ortiz, and Ricardo Diaz | ) |
| *Plaintiff* | ) ) |
| v. | ) Civil Action No. 12 CV 9416 (RA) |
| The City of New York, et al. | ) ) |
| *Defendant* | ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    The City of New York
c/o The New York City Police Department
100 Church Street
New York, NY 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    The Law Offices of Michael S. Lamonsoff
80 Maiden Lane
12th Floor
New York, NY 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date: **MAY 0 9 2013**

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York ▢

| | |
|---|---|
| Moraima DeJesus, Juan Ortiz, and Ricardo Diaz | ) |
| *Plaintiff* | ) |
| v. | ) |
| The City of New York, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  12 CV 9416 (RA)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Police Officer Michael Smith (TAX 942823)
44th Precicnt
2 East 169th Street
Bronx, NY  10452

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   The Law Offices of Michael S. Lamonsoff
80 Maiden Lane
12th Floor
New York, NY  10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date:  **MAY 0 9 2013**

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York ▼

|  |  |
|---|---|
| Moraima DeJesus, Juan Ortiz, and Ricardo Diaz | ) |
| *Plaintiff* | ) ) ) |
| v. | ) |
| The City of New York, et al. | ) ) ) ) |
| *Defendant* | ) |

Civil Action No. 12 CV 9416 (RA)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Sergeant Paul Prendergast (TAX 942823)
44th Precicnt
2 East 169th Street
Bronx, NY 10452

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    The Law Offices of Michael S. Lamonsoff
80 Maiden Lane
12th Floor
New York, NY 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date:   MAY 0 9 2013

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York  �_____▼

Moraima DeJesus, Juan Ortiz, and Ricardo Diaz

)
)
)
*Plaintiff*                                                   )
v.                                                              )          Civil Action No.  12 CV 9416 (RA)
The City of New York, et al.                   )
)
)
*Defendant*                                              )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Police Officer Paul Brauer (TAX 938111)
c/o The New York City Police Department
100 Church Street
New York, NY 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

The Law Offices of Michael S. Lamonsoff
80 Maiden Lane
12th Floor
New York, NY  10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date: __MAY 0 9 2013__               _____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MORAIMA DEJESUS, JUAN ORTIZ, and
RICARDO DIAZ,

**FIRST AMENDED COMPLAINT**

                                        Plaintiffs,

**12 CV 9416 (RA)**

                        -against-

JURY TRIAL DEMANDED

THE CITY OF NEW YORK,
POLICE OFFICER PAUL BRAUER (TAX 938111),
POLICE OFFICER MICHAEL SMITH (TAX 942823),
SERGEANT PAUL PRENDERGAST (TAX 916467),
and JOHN DOES 1-3,

                                        Defendants.
------------------------------------------------------------------------X

        Plaintiffs, MORAIMA DEJESUS, JUAN ORTIZ, and RICARDO DIAZ, by and through

their attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** complaining of the

defendants herein, respectfully show the Court and allege:

### PRELIMINARY STATEMENT

        1.   This is a civil rights action in which the plaintiffs, MORAIMA DEJESUS, JUAN

ORTIZ, and RICARDO DIAZ, seek relief for the defendants' violation of their rights secured by

the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and of rights secured by the Fourth

and Fourteenth Amendments to the United States Constitution, and of rights secured under the

laws and Constitution of the State of New York.  The plaintiffs seek damages, both compensatory

and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and

such other and further relief as this Court deems equitable and just.

RECEIVED
MAY - 9 2013
U.S.D.C. S.D.N.Y.
CASHIERS

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this being an action seeking redress for the violation of plaintiffs' constitutional and civil rights.

3.  Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.  The plaintiffs respectfully request that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5.  Venue herein is proper for the United States District Court for the SOUTHERN District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.  Plaintiffs Juan Ortiz and Ricardo Diaz filed Notices of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

7.  Plaintiff Juan Ortiz was produced for a statutory hearing on January 8, 2013.

8.  Plaintiff Ricardo Diaz is scheduled to appear for statutory hearing on May 29, 2013.

9.  This action has been commenced within one year and ninety days of the happening of the events claimed herein.

2

## JURY TRIAL DEMAND

10. Plaintiffs hereby demand a trial by jury of all issues in this action that are triable.

## PARTIES

11. Plaintiff Moraima DeJesus is an adult female resident of the County of Bronx, City and State of New York.

12. Plaintiffs Juan Ortiz and Ricardo Diaz are adult males and at all times hereinafter mentioned were and still are citizens of the United States residing in the State of New York and the County of the Bronx.

13. Defendant THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

14. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

15. Defendant POLICE OFFICER PAUL BRAUER (TAX 938111) is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area Precinct believed to be the 44th Precinct. Defendant Brauer is and was at all

3

times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK. Defendant Brauer was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant Brauer is sued herein in his official and individual capacities.

16. Defendant POLICE OFFICER MICHAEL SMITH (TAX 942823) is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area Precinct believed to be the 44th Precinct. Defendant Smith is and was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK. Defendant Smith was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant Smith is sued herein in his official and individual capacities.

17. Defendant SERGEANT PAUL PRENDERGAST (TAX 916467) is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area Precinct believed to be the 44th Precinct. Defendant Prendergast is and was at all times relevant herein, acting under color of state law in the course and scope of his duties

4

and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK.  Defendant Prendergast was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.  Defendant Prendergast is sued herein in his official and individual capacities.

18. Defendants JOHN DOES 1-3, are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area precinct believed to be the 44th Precinct.  The Doe defendants are and were at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK.  The Doe defendants were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  The Doe defendants are sued herein in their official and individual capacities.

## STATEMENT OF FACTS

19. On or about January 11, 2012 at approximately 8:00 am, in the County of Bronx, City and State of New York, plaintiffs were lawfully present on 148th Street at or near its intersection with Third Avenue (the "scene") when defendants Brauer, Smith, Prendergast and the Doe defendants arrived on duty and in NYPD vehicles.

20. The plaintiffs were not engaged in any unlawful or suspicious activity.

5

21. Without any legal basis or justification for doing so, the defendants exited their vehicles, approached plaintiffs and began questioning them.

22. The plaintiffs complied with defendants' requests.

23. Although there was no legal basis for doing so, the defendants searched plaintiffs.

24. The defendants searched plaintiff Moraima DeJesus, in part, by lifting up her skirt.

25. The searches yielded no evidence of guns, drugs, or contraband.

26. Despite the absence of any evidence of wrongdoing in the part of plaintiffs, the defendants applied excessively tight handcuffs to the plaintiffs Juan Ortiz and Ricardo Diaz and formally arrested them.

27. Without any legal basis or justification for doing so, the defendants then searched plaintiff Juan Ortiz's vehicle which was lawfully parked near the scene on the arrest.

28. The search yielded no evidence of any guns, drugs, or contraband.

29. Despite the absence of any evidence of wrongdoing on the part of the plaintiff, plaintiffs Juan Ortiz and Ricardo Diaz were then taken to a local area precinct believed to be the 44th Precinct, where they were held for several hours before being transferred to Bronx County Central Booking where they were held for several more hours.

30. Plaintiffs were eventually arraigned on a criminal complaint sworn to by defendant Brauer and were released.

31. Plaintiffs Juan Ortiz and Ricardo Diaz were prosecuted pursuant to this complaint and were forced to make several court appearances over the course of several months before the charges against them were dismissed.

32. The factual allegations sworn to by the defendants against plaintiffs were materially false and deliberately made to justify the illegal search, arrest, and excessive force perpetrated by the

6

defendants against all three plaintiffs named herein.

33. It was objectively unreasonable for the defendants to arrest plaintiffs, as there was no evidence that any of them had engaged in any unlawful conduct.

34. At no time prior to or during the encounter and/or arrest did there exist probable or otherwise legally sufficient cause to seize or arrest plaintiffs, nor could the defendants have reasonably believed that such cause existed.

35. At no time did there exist any basis to use any level of force against the plaintiffs, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was reasonable, lawful, appropriate, or necessary.

36. At no time prior to or during the encounter was there sufficient legal cause to believe that plaintiffs were engaged in any unlawful or suspicious activity.

37. At no time did any of the defendants take steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiffs.

38. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein.

39. At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests without legal justification or excuse.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

40. Plaintiffs MORAIMA DEJESUS, JUAN ORTIZ, and RICARDO DIAZ repeat and
reiterate the allegations set forth in the foregoing paragraphs with the same force and
effect as though fully stated herein.

41. By their conduct and actions in arresting and imprisoning MORAIMA DEJESUS, JUAN
ORTIZ, and RICARDO DIAZ, and in maliciously prosecuting plaintiff JUAN ORTIZ and
RICARD DIAZ, failing to intercede on behalf of the three plaintiffs and in failing to
protect them from the unjustified and unconstitutional treatment they received at the hands
of the defendants, the individual defendants, acting with animus, and under color of law
and without lawful justification, intentionally, maliciously, and with deliberate indifference
to or a reckless disregard for the natural and probable consequences of their acts, caused
plaintiffs to be unlawfully subjected to excessive and unreasonable force and false arrest,
caused plaintiffs JUAN ORTIZ and RICARDO DIAZ to be maliciously prosecuted, and
caused injury and damage in violation of the plaintiffs' constitutional rights as guaranteed
under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and
Fourteenth Amendments.

42. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of
quality and/or enjoyment of life, economic injury, physical injury, psychological injury and
emotional distress, great humiliation, costs and expenses, and were otherwise damaged

8

and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
### BY THE CITY OF NEW YORK

43. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and the individual defendants had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

45. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including the individual defendants, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, battery and assault and sustain a false arrest, thereby permitting the individual defendants to be in a position to violate plaintiffs' rights.

46. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which

9

involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant THE CITY OF NEW YORK.  Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiffs, in violation of plaintiffs' rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

47. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

48. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

49. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, malicious prosecution, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol

10

Guide, up to and beyond the plaintiffs' arrests.

50. The aforementioned customs, practices, procedures, and rules of the City and the NYPD are listed below in the following, non-exhaustive list of unconstitutional actions:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c. Discouraging police officers from reporting the corrupt or unlawful acts of others;

    d. Retaliating against officers who report police misconduct; and

    e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

51. The existence of unconstitutional customs and policies, including those detailed herein, may be inferred from repeated occurrences of similar unconstitutional, illegal, and wrongful conduct, as documented in numerous civil actions, including, but not limited to, the following:

    a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

    b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c. *Zabala v. City of New York,* 37711/2010 (Sup. Ct. Kings Co.);

    d. *Ashe v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    e. *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f. *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

    g. *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (S.D.N.Y.);

    h. *Carmody v. City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i. *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

11

    j.   *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

52. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008

(E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as
> knowledge of cases in other federal and state courts, has revealed anecdotal
> evidence of repeated, widespread falsification by arresting police officer of the
> New York City Police Department.   Despite numerous inquiries by
> commissions and strong reported efforts by the present administration –
> through selection of candidates for the police force stressing academic and
> other qualifications, serious training to avoid constitutional violations, and
> strong disciplinary action within the department – there is some evidence of an
> attitude among officers that is sufficiently widespread to constitute a custom
> or policy by the city of the illegal conduct of the kind now charged.

53. It is therefore axiomatic that the municipal defendant has not only tolerated, but actively

fostered a lawless atmosphere within the NYPD and that the City of New York was

deliberately indifferent to the risk the inadequate level of supervision would lead to the

violation of individuals' constitutional rights in general, and caused the violation of plaintiffs

rights in particular.

54. As a direct result of defendants' actions, plaintiffs suffered a denial of their federal statutory

rights, constitutional rights and privileges. Such deprivations were in violation of the rights

secured to plaintiffs MORAIMA DEJESUS, JUAN ORTIZ, and RICARDO DIAZ by the

Fourth and Fourteenth Amendments of the United States Constitution and by Title 42

U.S.C.A § 1983.

55. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality

and/or enjoyment of life, economic injury, psychological injury and emotional distress, great

humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATION OF RIGHT SECURED
## BY THE NEWYORK STATE CONSTITUTION
## BY THE INDIVIDUAL DEFENDANTS

56. Plaintiffs JUAN ORTIZ and RICARDO DIAZ repeat and reiterate the allegations set forth
    in the foregoing paragraphs with the same force and effect as though fully stated herein.

57. By their conduct and actions in falsely arresting, imprisoning and maliciously prosecuting
    JUAN ORTIZ and RICARDO DIAZ, failing to intercede on behalf of the them and in
    failing to protect them from the unjustified and unconstitutional treatment they received at
    the hands of the defendants, the individual defendants, acting with animus, and under color
    of law and without lawful justification, intentionally, maliciously, and with deliberate
    indifference to or a reckless disregard for the natural and probable consequences of their
    acts, caused plaintiffs to be unlawfully subjected to excessive and unreasonable force and
    false arrest, malicious prosecution, and caused injury and damage in violation of the
    plaintiffs' constitutional rights as guaranteed by the Constitution of the State of New
    York.

58. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of
    quality and/or enjoyment of life, economic injury, physical injury, psychological injury and
    emotional distress, great humiliation, costs and expenses, and were otherwise damaged
    and injured.

13

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR EXCESSIVE FORCE, FALSE ARREST,
### FALSE IMPRISONMENT, AND MALICIOUS PROSECUTION
### <u>AGAINST THE CITY OF NEW YORK</u>

59. Plaintiffs JUAN ORTIZ and RICARDO DIAZ repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

60. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiffs for the acts complained of herein under the theories of vicarious liability and *respondent superior*.

61. On JANUARY 11, 2012, at the aforementioned location, plaintiffs JUAN ORTIZ and RICARDO DIAZ were detained and held under the imprisonment and control of the defendants under false pretenses.

62. That on or about JANUARY 11, 2012, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiffs JUAN ORTIZ and RICARDO DIAZ, without warrant, authority of law or probable cause therefore.

63. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining JUAN ORTIZ and RICARDO DIAZ against their will and without

14

their consent; unlawfully and intentionally detaining and confining plaintiffs without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiffs through the unlawful arrest of plaintiffs; unlawfully detaining and confining plaintiffs through the use of force; unlawfully arresting plaintiffs and placing plaintiffs JUAN ORTIZ and RICARDO DIAZ in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiffs.

64. That at all times hereinafter mentioned, said arrests, confinement and restraints of liberty were not otherwise privileged.

65. That plaintiffs were conscious of the confinement.

66. That as a direct, sole and proximate result of the false arrests, false imprisonment, malicious prosecution, and excessive force, plaintiffs JUAN ORTIZ and RICARDO DIAZ were caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

67. By the actions described above, the individual defendants and THE CITY OF NEW YORK caused plaintiffs to be falsely arrested and/or falsely imprisoned, and maliciously prosecuted without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

68. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional

15

distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### <u>VIA BATTERY</u>

69. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

70. Defendant THE CITY OF NEW YORK is vicariously liable to the plaintiffs for the individual defendants' common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

71. That by reason of the battery, the plaintiffs were harmed physically while unlawfully detained, and that the plaintiffs were otherwise harmed as a result of the defendants' actions.

72. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
## VIOLATION OF PLAINTIFFS' RIGHT UNDER
## NEW YORK STATE LAW
## <u>VIA ASSAULT</u>

73. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

74. That on the aforementioned date, time and place, the defendants committed the tort of assault against the plaintiffs by causing them to be in apprehension of imminent, harmful and offensive touching and in so doing, defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiffs' rights under New York Law

75. That the defendant THE CITY OF NEW YORK is vicariously liable to the plaintiffs for the individual defendants common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

76. That by reason of the aforesaid committed by the defendants, plaintiffs suffered and continue to suffer physical injury and that they were otherwise damaged.

77. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### NEGLIGENCE

78. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

79. Defendants negligently caused injuries, emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

80. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION,
### SUPERVISION AND TRAINING

81. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

82. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

83. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality

18

and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR AN NINTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

84. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

85. Defendants negligently caused emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

86. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

87. That by reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed ONE MILLION (1,000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 USC § 1988.

19

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of the defendants:

    a.   Compensatory damages;

    b.   Punitive damages;

    c.   The convening and empanelling of a jury to consider the merits of the claims herein;

    d.   Costs and interest and attorneys' fees;

    e.   Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       May 8, 2013

                       Respectfully submitted,

                       **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                       *Counsel for the Plaintiffs*

                       By:   JESSICA MASSIMI, Esq. (JM-2920)
                              80 Maiden Lane, 12th Floor
                              New York, New York 10038
                              (212) 962-1020

20